UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABBEILKA BOUSSATHA,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK, Captain SAINT FLORENCE, Shield No. Unknown, CORRECTIONAL OFFICERS JOHN and JANE DOE # 1 through 10, in their individual and official capacities as employees of the City of New York,

                        Defendants.
------------------------------------------------------------X

**COMPLAINT AND**
**JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This is a civil rights action brought by plaintiff ABBEILKA BOUSSATHA (hereinafter Mr. Boussatha or Plaintiff) for damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2. While in custody of the New York City Department of Correction (hereinafter "DOC"), members of DOC assaulted plaintiff and failed to protect Plaintiff from a violent inmate who viciously assaulted Plaintiff causing Plaintiff to sustain serious physical injuries. As a result, Plaintiff suffered significant injuries. Plaintiff now seeks redress against the City of New York, its agents and employees.

3. Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5. This action arises under the Fourth, Fifth, and Fourteenth

Amendments to the United States Constitution and 42 U.S.C. §§ 1983, and 1988. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York as well as the individual defendants under 28 U.S.C. § 1331 and § 1367 as plaintiff is asserting the Court retain supplemental jurisdiction over his state law claims.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## VENUE

7. Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

8. Plaintiff at all material times relevant hereto resided in the City and State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the defendant, the CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The New York City Department of Correction was at all times relevant hereto, an agency of the defendant the CITY OF NEW YORK.

10. Defendant Captain SAINT FLORENCE, Shield No. Unknown, at all times relevant herein, was an officer, employee and agent of the DOC. Defendant SAINT FLORENCE is sued in his individual and official capacities.

11. Defendant Captain SAINT FLORENCE at all relevant times herein,

either directly participated or failed to intervene in the violation of plaintiff's rights.

12. That at all times hereafter mentioned, and on information and belief, defendant Correctional Officers JOHN and JANE DOE # 1 through 10 were at all times relevant hereto, employees of the defendant City of New York, employed as correctional officers by the New York City Department of Corrections. Said defendants are sued in their individual and official capacities.

13. Defendant correctional officers, JOHN and JANE DOE # 1 through 10 at all relevant times herein, either directly participated or failed to intervene to stop the assault upon plaintiff.

14. At all times mentioned herein, defendants JOHN and JANE DOE # 1 through 10 were acting under color of state and local laws, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

15. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as correctional officers employed by the defendant City of New York through its agency, the New York City Department of Corrections and that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as officers and employees of defendant, the City of New York.

## STATEMENT OF FACTS
### Assault Upon Plaintiff

16. Plaintiff, an Arab male, was an inmate at the Anna M. Kross Center (AMKC) in May of 2015.

17. Plaintiff informed several correctional officers that several inmates had threatened plaintiff.

18. Plaintiff asked to be moved to protective custody.

19. Defendant officers denied plaintiff's requests.

20. On **May 23, 2015**, while in the dayroom at AMKC, plaintiff was viciously assaulted by the inmates who previously threatened plaintiff.

21. Claimant bled profusely and lost consciousness.

22. When plaintiff regained consciousness he screamed for help.

23. There were several defendant correctional officers on duty. None of the defendant officers intervened to stop the assault.

24. Plaintiff required emergency medical attention, and yet he was denied medical attention for some time.

25. Eventually, the physicians on Rikers Island, having examined plaintiff, diagnosed a nasal bone fracture among other injuries.

26. Correctional officers in the area failed to intervene to stop the assault and the subsequent bleeding.

27. As a result of the foregoing, Plaintiff was caused to suffer serious physical injury, permanent disfigurement and conscious pain and suffering.

28. Defendants officers acted sadistically and maliciously, demonstrated deliberate indifference toward plaintiff's rights and physical well-being, and said acts are examples of gross misconduct.

29. All of the above was done in violation of state and federal law.

30. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including the permanent disfigurement.

31. The conduct of the defendant City in assaulting Plaintiff and failing to protect Plaintiff from an assault by violent inmates and denying Plaintiff's requests for protective custody and medical attention directly and proximately caused Plaintiff to sustain serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

32. At no time did plaintiff assault or attempt to assault any officer or inmate, nor did he present a threat or perceived threat to the personal safety of any officer, inmate or to the security of the jail.

33. Defendant officers demonstrated deliberate indifference toward plaintiff's rights and physical well-being when they failed to intervene in order to protect Plaintiff by stopping the vicious assault of May 23, 2015.

34. As a direct and proximate result of the conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries.

35. The defendant correctional officers acted with reckless and wonton disregard for the rights, health, and safety of the Plaintiff.

36. As a direct result of the acts alleged herein, the Plaintiff has suffered painful physical injury, severe mental pain and anguish, and severe emotional distress.

37. All of the events complained of above have left permanent emotional scars that the Plaintiff will carry with him for the remainder of his life.

38. Plaintiff filed a timely Notice of Claim.

39. The Comptroller of the City of New York refused and/or neglected to settle or resolve plaintiff's claim.

40. The claim is being filed within the requisite statute of limitations.

## COUNT ONE
## Assault and Battery
## Against City of New York, Captain SAINT FLORENCE, C.O. John and Jane Doe # 1 through 10

41. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

42. Defendant officers assaulted and battered plaintiff.

43. As a direct and proximate result of this assault and battery, plaintiff suffered the damages herein alleged.

5

### COUNT TWO

### 42 U.S.C. § 1983- Violation of Fifth and Fourteenth Amendments; Due Process Violations Against All Defendants

44.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     Defendants, by their conduct toward Plaintiff alleged herein, failed, with deliberate indifference, to (a) establish procedures necessary to provide necessary and proper medical care to inmates on Rikers Island jail, and (b) provide necessary and proper medical care to plaintiff, thereby causing the violation to his rights under the Ffith and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

46.     As a direct and proximate result of defendants' actions, omissions, policies, practices and customs, all committed or adopted with deliberate indifference, Plaintiff was denied necessary treatment for his serious and life threatening condition, thus causing a deterioration of his condition, all in violation of his right to be free from cruel and unusual punishment and to due process of law.

47.     As a result of the actions and omissions of the defendants, Plaintiff suffered extreme physical and emotional pain and suffering.

## COUNT THREE
### Failure To Intervene
### AGAINST ALL INDIVIDUAL DEFENDANTS

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The defendants were present but failed to intervene in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the defendants who failed to intervene violated Plaintiff's Fourth, Fifth, and Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## COUNT FOUR
### Respondeat Superior Liability
### Against the City of New York

52. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

53. The aforementioned conduct of the defendants occurred while they were on duty and was within the scope of their authority as officers.

54. Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respondeat superior*.

## COUNT FIVE
### Negligence Against City of New York, CAPTAIN SAINT FLORENCE, C.O. John and Jane Doe # 1 through 10

55. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

56. Defendants owed plaintiff a duty of care to prevent him from being attacked.

57. Defendants breached that duty of care.

58. Defendants' breach of duty was the but-for cause of plaintiff's injury.

59. Defendants' breach of duty was the proximate cause of plaintiff's injury.

60. Plaintiff sustained damages, including but not limited to serious physical injuries, emotional injuries and pain and suffering as a result

## COUNT SIX
### Deliberate Indifference to Plaintiff's Safety Against City of New York, Captain SAINT FLORENCE, John and Jane Doe # 1 through 10

61. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

62. Defendants were aware that plaintiff expressed concern for his physical safety.

8

63. Defendants were aware that there were real threats to plaintiff's safety.

64. Defendants ignored plaintiff's pleas for help.

65. As a result of defendants' failure plaintiff was severely attacked by inmates.

66. The attack on plaintiff was foreseeable, predictable and avoidable.

67. As a result of the attack plaintiff was severely injured.

## COUNT SEVEN
### *Monell*
### Against City of New York

68. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

69. Defendant City, through the DOC and officers to whom policymaking authority was delegated, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of DOC staff tolerating and permitting inmate on inmate violence.

70. This widespread tolerance of correction officers standing by, sleeping, or being away from their assigned posts when inmate on inmate violence occurred constituted a municipal policy, practice, or custom and directly led to plaintiff's attack and injuries.

71. Defendant City, through its correction officers, are charged with the care, custody and control of the inmates who are housed at DOC facilities.

72. However, through DOC's long-standing custom and practice, evidenced by numerous cases of inmates being assaulted while staff either permitted, allowed or were derelict of their duties in preventing the assault, led directly to plaintiff's assault and injuries.

9

## COUNT EIGHTH
### Intentional Infliction of Emotional Distress
### Against City of New York

73. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

74. By allowing plaintiff to be attacked, defendants acted deliberately in committing conduct that was so extreme and outrageous.

75. Defendants were aware that their conduct or deliberate inaction would lead to plaintiff being injured in such a manner but took no steps to act or change their behavior.

76. As a direct result of defendants' conduct plaintiff was injured and sustained damages, including but not limited to physical pain and suffering and severe emotional distress.

## COUNT NINE
### Negligent Infliction of Emotional Distress
### Against City of New York

77. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

78. By allowing plaintiff to be attacked by another inmate, defendants acted negligently in endangering plaintiff's safety and physical health.

79. Defendants' conduct was extreme and outrageous.

80. Defendants should have been aware that their conduct would lead to plaintiff being injured in such a manner and took no steps to act or change their behavior.

81. As a direct result of defendants' conduct plaintiff was injured and sustained damages, including but not limited to physical pain and suffering and severe emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

a) Award compensatory damages against the defendants, jointly and severally;

b) Award punitive damages against the individual defendants, jointly and severally;

c) Award costs of this action to the plaintiff;

d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

e) Such other and further relief as this Court deems just and proper;

## JURY DEMAND

DATED: August 19, 2016
Brooklyn, New York

*Amy Rameau*
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504

11

Brooklyn, NY 11241
(718) 852-4759
rameaulawny@gmail.com

*Attorney for plaintiff*